OPINION OF THE COURT
Herman Cahn, J.
Plaintiff moves pursuant to CPLR 3215 (i) (1) for entry of a default judgment in the amount of $25,758.
This action arises out of a letter agreement entered into on March 2, 1994 and March 4, 1994 between plaintiff, Serino Coyne Inc. (Serina), and defendant, Circle Repertory Company *479 (Circle). In that letter agreement defendant acknowledged that $27,244.04 was due to plaintiff for services rendered and defendant promised that it would pay the monies owed over a 13-month period, beginning March 21, 1994 and ending March 21, 1995. The agreement also provided: "In the unlikely event you are unable to meet the payments set forth above, you agree to entry of a judgment against Circle Repertory Company in favor of Serino Coyne, in the sum of $27,244.04, together with costs and a per annum interest rate of 1% over the prime rate as calculated from December 1, 1993. You also agree to waive service of a summons and a complaint which can be filed without further notice to you.”
Plaintiff alleges that defendant made only one payment of $500 pursuant to the agreement, on March 7, 1994. On July 24, 1994, plaintiff received a rebate of $2,635.60 for an advertisement placed on Circle’s behalf. After crediting defendant’s account for the amount of the rebate and the $500 payment that defendant made, plaintiff alleges there still is a balance of $24,108.44 together with costs and interest.
Plaintiff commenced this action and brings on the within motion to enter a default judgment. Defendant argues that the letter agreement entered into in the absence of a pending action cannot serve as the foundation for a motion to enter a default judgment at this stage of the litigation. That is, defendant argues that the motion is premature since its time to answer has not yet expired.
CPLR 3215 (i) (1) provides for entry of judgment without notice when a stipulation of settlement has been entered into between two parties, but one of the parties fails to follow the terms of the stipulation. The section requires the pendency of an action when parties enter into the stipulation. Even cursory examination of the section shows that the stipulations of settlement which are granted favorable treatment are those which are made "after commencement of an action”. Here the stipulation was entered before the action was commenced.
A commentator has opined that even if no action is pending when the stipulation is made, the statute can be satisfied by commencing an action at the time the party seeks entry of judgment on the stipulation. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3215:21, at 566.) However, that view does not comport with the clear wording of the statute.
It seems that a plaintiff which finds itself in this position *480 may be limited to a formal plenary action on the stipulation. In the alternative, a motion under CPLR 3213 might be made, if timely brought, or, if plaintiff believes that there are no issues of fact present, a motion for summary judgment pursuant to CPLR 3212 might be appropriate.
The court notes that defendant does not assert that it has not executed the agreement. Neither does the defendant contest any of the provisions of the agreement nor the amount of money plaintiff states is due and owing. In any event, the motion for entry of judgment is denied.